**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1073-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VICTOR VASQUEZ, a/k/a JOSE
MENDOZA, and VICTOR
MENDOZA,

    Defendant-Appellant.

_____

Submitted October 17, 2018 – Decided April 22, 2019

Before Judges Ostrer and Currier.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 05-08-0657.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Alexander Mech, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Victor Vasquez appeals from a January 25, 2017 order, following a testimonial hearing, denying post-conviction relief (PCR) from an armed-robbery conviction following a jury trial. Defendant argued defense counsel was ineffective and prejudiced his right to a fair trial. Applying our deferential standard of review, we conclude the PCR court did not clearly err in finding that trial counsel provided effective assistance of counsel; and, even if he did not, counsel's deficient performance did not prejudice defendant. Therefore, we affirm.

I.

A jury convicted defendant of first-degree robbery, N.J.S.A. 2C:15-1(a) (count one); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count three); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count four); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count five); and third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(4) (count six). Before trial, the State dismissed count two, charging second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a) and N.J.S.A. 2C:15-1(a). After merger, the court imposed a fifteen-year prison sentence on count one subject to the No Early Release Act

(NERA), N.J.S.A. 2C:43-7.2, and concurrent four-year terms on counts three and six. We affirmed the conviction on direct appeal. State v. Vasquez (Vasquez I), No. A-5413-07 (App. Div. Feb. 26, 2010) (slip op. at 17).

We assume the reader's familiarity with the facts, which we reviewed at length. Id., slip op. at 2-11. In short, the State's proofs established that defendant and a group of other men confronted and robbed three victims on a public street at about 2:00 a.m. Defendant wielded a knife, cut one of the victims on the finger and slashed at but missed another victim. Another man had a baseball bat. The robbers took a small amount of cash and the victims' baseball caps. After police were called to the scene, one victim saw one of the attackers a block away. A pursuit ensued into an apartment building, where defendant and his cohorts were arrested. Police recovered the knife, the baseball bat, and the hats that apparently belonged to the victims. In show-ups outside the apartment building, the three victims separately identified defendant as the knife-wielding robber.

On direct appeal, defendant argued he received ineffective assistance of counsel, because his attorney intentionally elicited "devastating testimony" that defendant belonged to a gang. We declined to decide the ineffective-assistance-of-counsel issue, concluding it should be raised in a petition for PCR, as the

A-1073-17T1

claim might involve evidence outside the trial record. Vasquez I, slip op. at 16-17.

When defendant renewed the argument in a PCR petition, the PCR court denied relief without an evidentiary hearing, holding that counsel intended to advance the defense of "afterthought robbery." According to that theory of the case, defendant and co-defendants approached the victims not to commit robbery but to "tussle" over turf. The theft of cash and hats was an afterthought.

We reversed, finding a prima facie case of ineffective assistance. State v. Vasquez (Vasquez II), A-0303-14 (App. Div. June 6, 2016) (slip op. at 19-20). We described at length the lines of questioning that defendant's counsel pursued, and his responses to objections from co-counsel and inquiries from the court. Id., slip op. at 7-15. In reversing the PCR court's denial of relief without a hearing, we noted that when counsel for a co-defendant objected to defendant's counsel's line of questioning, and the judge demanded that defendant's counsel explain his purpose, defense counsel did not say he was pursuing an afterthought robbery defense, let alone explain how his questioning might further that defense. Id., slip op. at 18-19. Instead, when asked at sidebar about his line of questioning, counsel stated that if he elicited prejudicial evidence "then so be it," and assured the judge he was acting "in good faith." Ibid. We remanded for

an evidentiary hearing to determine if these apparently damaging questions amounted to ineffective assistance of counsel resulting in prejudice, and whether counsel failed to prepare even minimally for trial. Id., slip op. at 19-20 & n.6.

At the evidentiary hearing, counsel testified he had, in fact, meant to pursue a defense of afterthought robbery, but that he may also have had other tactics in mind, including raising doubt that the alleged altercation had ever occurred. The PCR court found counsel credible and denied relief, concluding once more that counsel had adopted a reasonable trial strategy of suggesting that defendant approached the victims without the intention to commit a theft, which he and his co-defendants committed as an afterthought. The PCR court noted that defendant's counsel "had a legitimate theory of defense . . . [p]robably the only theory of defense that he could have used in this particular case." In view of its finding, the court did not reach the prejudice prong of the Strickland test.

II.

Though we may have reached a different result, we must deferentially review and uphold the PCR court's fact-findings if "supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013); see also State v. Johnson, 42 N.J. 146, 162 (1964). We recognize that our "reading of a cold record is a pale substitute for a trial judge's assessment of the credibility

of a witness he has observed firsthand." Nash, 212 N.J. at 540. On the other hand, we may reject factual findings that lack support in the record, see State v. Pierre, 223 N.J. 560, 584 (2015), and we review legal conclusions de novo, id. at 576.

To support a claim of ineffective assistance of counsel, a defendant must establish that his attorney's performance was so deficient as to fall below an objective standard of competence, and, but for that deficient performance, a reasonable probability exists that the result would have been different. Strickland v. Washington, 466 U.S. 668, 685-89 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). The defendant must prove both prongs by a preponderance of the evidence. Nash, 212 N.J. at 541.

Assistance of counsel is ineffective when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." State v. Savage, 120 N.J. 594, 613, 614 (1990) (quoting Strickland, 466 U.S. at 686, 696). Defendant must show that "counsel was not functioning as the 'counsel'" our federal and state constitutions guarantee. Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). This requires proof that counsel's mistakes were "of such a magnitude as to thwart the fundamental

6

guarantee of [a] fair trial." State v. Castagna, 187 N.J. 293, 314–15 (2006) (citation omitted) (alteration in the original).

A defendant has a high bar to meet to "overcome [the] 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." Nash, 212 N.J. at 542 (quoting State v. Hess, 207 N.J. 123, 147 (2011)). A reviewing court must be wary of "the distorting effects of hindsight," Pierre, 223 N.J. at 579 (quoting Strickland, 466 U.S. at 689), and recognize that defense counsel encounters a "variety of circumstances" during trial and a "range of legitimate decisions regarding how best to represent a criminal defendant," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 688-89). Assistance is not ineffective simply "because defense counsel could have done better." Nash, 212 N.J. at 543.

The PCR court found that, to support an afterthought-robbery defense, counsel sought to elicit testimony suggesting defendants approached the victims intending not to rob but to tussle, thinking the victims perhaps belonged to a rival gang. A jury finding that defendant took the victims' property as an "afterthought" would avoid a conviction of first-degree armed robbery by rendering his original threat with a weapon mere assault and his stealing mere theft. That is because the robbery "statute requires that the threats or violence

be carried out in furtherance of the intention to commit a theft." State v. Lopez, 187 N.J. 91, 101 (2006). By contrast, "where a violent fracas occurs for reasons other than theft, and the perpetrator later happens to take property from the victim," that taking does not constitute robbery. Ibid. According to the PCR court, counsel elicited that the co-defendants belonged to a gang and had approached the victims "in concert" to advance the narrative that they came initially to fight a rival gang – in other words, to engage in a fracas – and only afterwards decided to take the victims' property.

Given our deferential review of the PCR court's findings, we cannot conclude that counsel's performance clearly fell below an objectively reasonable standard. Notably, defendant does not suggest alternative lines of defense that were clearly more promising. We accept the PCR court's determination that trial counsel, whom the court found credible, had a specific defense theory in mind when eliciting the testimony in question.[1]

---

[1] Although we affirm the trial court's findings, defense counsel's own description of his approach raises legitimate concerns. Pressed at trial to justify his questioning, he answered at side-bar, "[I]f any of my questions solicit the truth, if the witnesses can take the stand, and if my questions somehow cause the witnesses to say something that is prejudicial to my clients, but it is the truth, then so be it." While the "normal trial objective [is] . . . a search for ultimate truth," State v. Briley, 53 N.J. 498, 506 (1969), criminal defense attorneys' role is to serve not as impartial inquisitors but to fill "the difficult task of serving

Regardless, even were we not satisfied that the record supports the PCR court's conclusion as to counsel's performance, defendant has not proved that his counsel's alleged errors caused the requisite prejudice. To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors," a different verdict would have resulted – that is, "a probability sufficient to undermine confidence in the outcome." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 694). The impact of a constitutionally deficient defense on a verdict turns primarily on the strength of the evidence against the defendant and how counsel's errors relate to that evidence. If the State has a strong case against the defendant, or if counsel's error touches only slightly on the facts central to the State's case, counsel's performance, unless egregiously lacking, will not result in a different outcome. Savage, 120 N.J. at 616; Pierre, 223 N.J. at 583 (quoting Strickland, 466 U.S. at 696) ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.").

---

both as officers of the court and as loyal and zealous advocates for their clients." Criminal Justice Standards for the Defense Function § 4-1.2(b) (Am. Bar Ass'n 2015); see also Martin v. Rose, 744 F.2d 1245, 1249 (6th Cir. 1984) ("[E]ven deliberate trial tactics may constitute ineffective assistance if they fall outside the wide range of professionally competent assistance.").

Conversely, in the face of weak incriminating evidence, counsel's mistakes, especially if they bear directly on that evidence, will likely affect the outcome. See Pierre, 223 N.J. at 584-88 (finding defense counsel's failure to call alibi witnesses prejudiced the verdict because the State had only "belated and uncertain identification" evidence and only a speculative rebuttal to the alibi). But counsel's errors do not result in prejudice simply because they had "some conceivable effect on the proceeding's outcome." State v. Arthur, 184 N.J. 307, 319 (2005) (quoting Strickland, 466 U.S. at 693). "Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect." Strickland, 466 U.S. at 695-96.

Applying these principles, we do not find a reasonable probability that, but for counsel's conduct, the jury would have returned a different verdict. The State's case against defendant was strong. At the show-ups, the victims independently identified defendant as the man who wielded the knife. They testified that defendant asked them if they were in a gang and demanded their money. One victim testified that defendant cut him. Another witness testified that defendant slashed at him. The victims' testimony was supported by powerful circumstantial evidence, including the police's seizure of the knife,

baseball bat, and the victims' caps in the apartment building to which defendant and his cohorts fled.

We recognize the prejudicial effect of evidence tying a defendant to gang membership. See State v. Herbert, ___ N.J. Super. ___, ___ (App. Div. 2019) (slip op. at 23-25). Nonetheless, gang-related evidence may be admitted to prove motive under N.J.R.E. 404(b), so long as it is accompanied by an appropriate limiting instruction. State v. Goodman, 415 N.J. Super. 210, 227-28 (App. Div. 2010). As the PCR court noted, the trial court in this case properly instructed the jury that the evidence regarding gang membership, if credited at all, had relevance only to the issue of motive and intent – in other words, whether defendant and others confronted the victims to address a gang-related matter and not to commit a theft. The court expressly instructed the jury that it could not use the gang-related evidence to conclude defendant was a bad person or was more likely to have committed the crime.

In sum, defendant has not proved by a preponderance of the evidence that, had defendant's counsel not elicited evidence that defendant was a gang-member acting in concert with others, there was a reasonable probability the result of the trial would have been different.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1073-17T1